# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KENNETH J. BOUCHARD,

      Plaintiff,                        Case No. 14-14009

v.                                 HONORABLE DENISE PAGE HOOD

CITY OF WARREN,

      Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

## I.    BACKGROUND/FACTS

On October 17, 2014, Plaintiff J. Bouchard filed a Complaint against Defendant City of Warren, which was amended on December 22, 2014 alleging: Termination in Violation of the Family and Medical Leave Act ("FMLA") (Count I); Termination in Violation of Public Policy (Count II); and, Violation of the Michigan Whistleblower Protection Act ("WPA") (Count III).

Defendant hired Plaintiff as an assistant planner in the Planning Department in January 2011. (Am. Comp., ¶ 6) Plaintiff's job duties included collecting data, conducting analyses and preparing detailed maps outlining key City metrics. (Am. Comp., ¶ 7) In September 2013, Plaintiff focused on analyzing and mapping tax reverted and delinquent properties in the City, including City owned tax delinquent

properties in forfeiture status.  (Am. Comp., ¶ 9) Plaintiff discovered that the City was "bundling" City owned and other tax reverted properties, which were then sold for a fraction of their value to preferred buyers at an auction, which Plaintiff thought violated the law.  (Am. Comp., ¶¶ 10-13) At a September 24, 2013 City Council presentation, Plaintiff objected to the City's actions.  (Am. Comp., ¶ 14) Thereafter, Plaintiff was criticized and reprimanded for his role before the City Council and was threatened by "repercussions."  (Am. Comp., ¶¶ 15-17)

On May 12, 2014, Plaintiff was reprimanded for requesting from the City Attorney legal advice regarding copyrighted documents which he was ordered to illegally copy.  (Am. Comp, ¶¶ 23-25) Plaintiff was reprimanded for speaking with an employee of the Public Service Department on May 14, 2014. (Am. Comp., ¶ 26) Plaintiff was suspended on June 18, 2014 for insubordination.  (Am. Comp., ¶ 27) Plaintiff was "forced" to go on an FMLA leave because of Defendant's constant verbal abuse and unjustified discipline, in addition to his doctor's recommendation. (Am. Comp., ¶¶ 29-30)

On several occasions during Plaintiff's leave, the City demanded that he submit to a third-party medical evaluation to determine the "fitness" to return to work.  (Am. Comp., ¶ 32) Plaintiff asserts he was left with no choice but to either submit to an invasive, employer-sponsored medical examination or lose his job.  (Am. Comp., ¶

34) Plaintiff was constructively discharged by Defendant on August 1, 2014. (Am. Comp., ¶ 35)

This matter is before the Court on two Motions to Dismiss filed by Defendant. The first Motion to Dismiss addressed the original Complaint. (Doc. No. 6)  The second Motion to Dismiss addressed the Amended Complaint,[1] which Plaintiff filed after the first Motion to Dismiss was filed.  The Court will only consider the second Motion to Dismiss because the first Motion to Dismiss addressed the original Complaint.  "An amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.,* 731 F.3d 586, 589 (6th Cir. 2013)(citing *Pac. Bell Tel. Co. v. Linkline Commun., Inc.*, 555 U.S. 438, 456 n. 4 (2009)).  The Court finds moot Defendant's first Motion to Amend Complaint (and any response thereto) since that motion addressed the original Complaint, which has now been superseded by the Amended Complaint.

## II.    ANALYSIS

### A.    Motion to Dismiss Standard

Rule 12(b)(6) of the Rules of Civil Procedure  provides for a motion to dismiss

---

[1] The second Motion to Dismiss is entitled, "Reply to Plaintiff's Response to Defenant's (sic) Motion to Dismiss and Motion to Dismiss Plaintiff's First Amended Complaint", but is notated on the Court's docket as "Second Motion to Dismiss Plaintiff's First Amended Complaint" (Doc. No. 11).  Generally, CM-ECF R5(e) provides that "a response or reply to a motion must not be combined with a counter-motion.  Papers filed in violation of this rule will be strickent."

based on failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted).  Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard."  *Id.* at 563.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.  Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than

4

state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). To survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

### B.    Family Medical Leave Act

#### 1.    Interference Claim

In its Motion to Dismiss the First Amended Complaint, Defendant argues that Plaintiff fails to state a claim upon which relief may be granted under the FMLA. Defendant claims that the Amended Complaint fails to state facts that Defendant denied Plaintiff an FMLA benefit or that Plaintiff fails to establish a causal connection between the protected FMLA activity and an adverse employment action.

Plaintiff responds that it was Defendant who constructed an "illegal barrier" to Plaintiff's return to work when it required Plaintiff to submit to a "fitness for duty"

5

evaluation, where the FMLA only requires "a simple statement of an employee's ability to return to work," 29 CFR § 825.310(c).

The FMLA permits eligible employees to take up to twelve weeks of unpaid leave during any 12-month period for family or medical reasons. 29 U.S.C. § 2612. The FMLA prohibits "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided under the statute. 29 U.S.C. § 2615(a)(1). The FMLA also prohibits "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" under this statute. 29 U.S.C. § 2615(a)(2). Two discrete theories of recovery under these two sections are recognized: (1) the so-called "interference" or "entitlement" theory under § 2615(a)(1), and (2) the "retaliation" or "discrimination" theory under § 2615(a)(2). *Seeger v. Cincinnati Bell Tel.*, 681 F.3d 274, 282 (6th Cir. 2012).

Plaintiff does not cite the specific section of the statute under which he seeks recovery, but the Amended Complaint alleges that Defendant wilfully violated the FMLA by "interfering with Bouchard's attempt to take FMLA leave" and "terminating Bouchard." (Am. Comp., ¶ 43) The Court first addresses Plaintiff's FMLA claim under a § 2615(a)(1) interference theory. In an interference claim, a plaintiff must establish that: 1) he was entitled to benefits under the FMLA; 2) he notified the employer of the intent to exercise the FMLA rights; and, 3) the employer

6

denied the FMLA benefits to which he was entitled. *Wallner v. Hilliard*, 590 F. App'x 546, 550 (6th Cir. Oct. 31, 2014) (citing, *Edgar v. JAC Prod., Inc.,* 443 F.3d 501, 507-08 (6th Cir. 2006)). As long as the plaintiff shows that he was harmed, an employer's intent to retaliate against exercising his rights need not be shown under an interference claim. *Id.*

The Court reviewed the allegations in the Amended Complaint only. The Court did not consider the document submissions by both parties to support their arguments since this is a Rule 12(b)(6) motion. As to the first factor, Plaintiff alleges he was entitled to benefits under the FMLA "as an employee who had worked for the City for more than one year and for more than 1250 hours in the year prior to his leave." (Am. Comp., ¶ 37)

Regarding the second factor, given that this is an interference with Plaintiff's right to return to work, the Amended Complaint does not specifically allege when Plaintiff notified Defendant of his intent to return to work. Plaintiff only alleges that "the FMLA required the City to return plaintiff to work from leave upon submission of a return-to-work note signed by plaintiff's doctor," but that "the City demanded that plaintiff submit to a third-party medical evaluation to determine his 'fitness' to return to work." (Am. Comp., ¶¶ 31-32) However, it could be inferred from the allegations in the Amended Complaint that Plaintiff attempted to return to work with his own

7

doctor's certification, and it is plausible that Plaintiff notified Defendant of his return to work.

The third factor that–whether the employer denied the FMLA benefits Plaintiff was entitled to, in this case the right to return to work, Plaintiff alleges that he had "no choice but to either submit to an invasive, employer-sponsored medical examination or lose job," and so he "was constructively discharged from his employment on August 1, 2014."  (Am. Comp., ¶¶ 34-35)

Based on the above, the Court finds that the Amended Complaint sufficiently alleges an interference theory under § 2615(a)(1) of the FMLA; that Defendant interfered with Plaintiff's right to return to work.  Defendant's Motion to Dismiss the Amended Complaint for failure to state an FMLA claim is denied.

### 2.    Retaliation Claim

In an FMLA retaliation theory under § 2615(a)(2), a plaintiff must show that: 1) he availed himself of a protected right under the FMLA; 2) he suffered an adverse employment action; and, 3) there was a causal connection between the two.  *Wallner*, 590 F. App'x at 551.  An employer's motive is relevant to an FMLA retaliation claim "because retaliation claims impose liability on employers that act against employees specifically because those employees invoked their FMLA rights."  *Id.* (citation omitted).  The temporal factor as to the causation element is to be considered,

8

especially if the events were extremely close in time. *Mickey v. Zeidler Tool & Die Co.,* 516 F.3d 516, 524-25 (6th Cir. 2008). An employer may defeat liability by showing that it would have made the same decision anyway, even if it had not been impermissibly motivated. *Wallner,* 590 F. App'x at 551.

As to the first factor, Plaintiff availed himself of a protected right under the FMLA to return to work. Plaintiff alleges he was constructively terminated, meeting the second factor. (Am. Comp., ¶ 35) Although there are no specific dates in the Amended Complaint, sometime after June 18, 2014, Plaintiff was on an FMLA leave and was constructively discharged on August 1, 2014. (Am. Comp., ¶¶ 27-30, 35) This time between the beginning of the FMLA leave and the alleged constructive discharge is about one and a half months. At some point in time during that time span, Plaintiff sought to be reinstated. Based on the time between the events, Plaintiff has met the third factor of a causal connection.

Having met the factors noted above, Plaintiff has stated a retaliatory FMLA claim under § 2615(a)(2). Defendant's Motion to Dismiss under Rule 12(b)(6) is denied as to Plaintiff's FMLA claim.

### C.    Jurisdiction and State Law Claims

Defendant argued in its first Motion to Dismiss as to the original Complaint that Plaintiff failed to establish subject matter jurisdiction. Defendant also argued that if

the Court were to dismiss the federal FMLA claim, the Court should also dismiss the state law claims. These two arguments are not raised in the second Motion to Dismiss the Amended Complaint and so the Court will not consider these arguments.

Even if the Court were to consider these two arguments, because the Court has determined that Plaintiff's Amended Complaint states a claim under the FMLA. Since the Court has not dismissed the FMLA claim, the Court retains the state law claims in Counts II and III.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss Complaint **(#6, 12/2/14)** is MOOT.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss First Amended Complaint **(#11, 1/6/15)** is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

10

11