**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH J. BOUCHARD,

      Plaintiff,

v.                                              Case No. 14-14009
                                                Honorable Denise Page Hood

CITY OF WARREN,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION, CERTIFICATION FOR INTERLOCUTORY APPEAL, AND STAY OF PROCEEDINGS [#48]

**I.    INTRODUCTION**

Plaintiff filed this cause of action on October 17, 2014, alleging that he was constructively discharged in violation of the Family and Medical Leave Act ("FMLA"), the Michigan Whistleblower Protection Act ("WPA"), and Michigan public policy. On March 31, 2017, the Court issued and Order that denied in part and granted in part Defendant's Motion for Summary Judgment, ruling that a genuine dispute of material fact existed with respect to Plaintiff's FMLA and WPA claims. On April 14, 2017, Defendant filed a "Motion for Reconsideration re Order on Motion for Summary Judgment, Order on Motion to Dismiss, Order on Motion to Compel, Or Alternatively, to Modify and Certify the Order for Interlocutory Appeal

and For a Stay of Proceedings." Dkt. No. 48.

## II. BACKGROUND

The relevant facts regarding this case were set forth in the Court's March 31, 2017 Order. The Court incorporates those facts by reference in this Order.

## III. ANALYSIS

### A. Legal Standard

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1

(E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

**B.     Analysis**

The Court finds that Defendant fails to offer any new argument regarding the WPA and FMLA claims. Defendant's current arguments, like its arguments in its Motion for Summary Judgment, focus on limited facts and generally ignore that the facts must be viewed in a light most favorable to the non-moving party – Plaintiff. Defendant does not identify or acknowledge many of the facts that the Court found constituted the basis for the genuine disputes of material fact with regard to the WPA and FMLA claims. *See, e.g.,* Dkt. No. 46, PgID 1191-92 (events set forth at numbered paragraphs) and 1198 ("[t]hat Defendant was requiring Plaintiff to submit to, and pass, a 'fitness for duty' evaluation before returning to work constitutes evidence that Defendant, at a minimum, was concerned that Plaintiff suffered from a serious health condition"). Defendant's arguments reveal the true basis for its motion for reconsideration – it did not like the Court's ruling the first time and seeks to persuade the Court to adopt Defendant's version of the case. The threshold for relief pursuant to Local Rule 7.1(h)(3) requires more.

Defendant also offers its perspective of what some "facts" are. Defendant

assumes that because Plaintiff has not offered competing facts, Defendant's representation of the veracity of those facts must be accepted as true. The Court concludes that some of those "facts" require a credibility determination by the fact finder. One example of such an "undisputed" fact asserted by Defendant is that "neither Easter nor Simlar [the persons who made Plaintiff submit to a psychological fitness-for-duty evaluation test before returning to active employment] were aware that [Plaintiff] had presented before the City Council or Council of the Whole, prepared a PPP, or raised concerns about the City's policies, rules, or procedures." Dkt. No. 48, PgID 1224. As Easter and Simlar were employed by Defendant, and as Plaintiff's supervisor Ronald Wuerth stated that the meeting before the City Council was "infamous," Dkt. No. 38, Ex. 1 at 55, the Court finds that a fact finder may not deem credible Defendant's representation that Easter and Simlar were not aware of Plaintiff's history as it related to those events.

The Court concludes that there is no palpable defect by which it or the parties has been misled, and it denies Defendant's motion for reconsideration.

**C.  Motion to Modify and Certify the Order for Interlocutory Appeal**

As Defendant states:

28 U.S. Code § 1292(b) empowers a district court to certify for interlocutory appeal a 'non-final order' where (1) it involves a

4

> controlling question of law; (2) for which there is a substantial ground for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). The Court is not persuaded by Defendant's argument that the Court should certify the Order under Section 1292(b).

Defendant's argument is premised on a misinterpretation of the basis for the Court's ruling. Contrary to Defendant's suggestion, the Court did not determine that genuine issues of material fact existed – or that controlling law ensured the survival of a constructive discharge claim based on an adverse employment action – simply because there was silent treatment and "an issuance of a written warning and a notice of the possibility of a one-day suspension." *See* Dkt. No. 48, PgID 1231. Similarly, the Court did not determine that Defendant had notice of Plaintiff's intent to take FMLA leave simply because Plaintiff wrote to Defendant that he needed to "go home and relax." *Id*. at PgID 1228. As set forth in the March 31, 2017 Order, there were numerous events that factored into the Court's determination that Plaintiff's WPA and FMLA claims should survive Defendant's motion for summary judgment.

For those reasons, the Court concludes that there is no critical controlling issue of <u>law</u> for which there is a substantial ground for difference of opinion. The Court

5

denies Defendant's motion to modify and certify the Order for interlocutory appeal.

**D.     Motion for a Stay of Proceedings**

Having denied Defendant's motion for reconsideration and request to certify an interlocutory appeal, the Court concludes that there is no basis for staying the proceedings. Defendant's motion for a stay of proceedings is denied.

**IV.    CONCLUSION**

Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration re Order on Motion for Summary Judgment, Order on Motion to Dismiss, Order on Motion to Compel, Or Alternatively, to Modify and Certify the Order for Interlocutory Appeal and For a Stay of Proceedings [Dkt. No. 48] is **DENIED**.

IT IS SO ORDERED.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated:  May 22, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2017, by electronic and/or ordinary mail.

                                        S/LaShawn R. Saulsberry
                                        Case Manager