**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KENNETH J. BOUCHARD,

      Plaintiff,

v.                                                  Case No. 14-14009
                                                   Honorable Denise Page Hood

CITY OF WARREN,

      Defendant.

_____/

**ORDER REGARDING DEFENDANT'S MOTION IN LIMINE [#51]**

**I.    INTRODUCTION**

On July 7, 2017, Defendant filed a motion in limine in which it failed to indicate whether it sought concurrence from Plaintiff, as required by E.D. Mich. L.R. 7.1. On July 31, 2017, Plaintiff filed a response without objection to the untimeliness of Defendant's motion or Defendant's failure to seek concurrence. Defendant has not filed a reply.

**II.    ANALYSIS**

Defendant's motion seeks a ruling regarding five evidentiary matters.

**A.    Defendant's Policies, Rules, and Procedures**

Defendant believes that Plaintiff might attempt to litigate the underlying issue of the illegality or inappropriateness of Defendant's policies, rules, and procedures

regarding properties that were: (1) eligible for federal block grants; (2) bundled and auctioned by Macomb County after tax foreclosure; (3) subject to nuisance abatement by Defendant; and/or (4) rental properties. Defendant argues that any such evidence is not relevant because it does not matter whether Plaintiff's allegations regarding those policies, rules, and procedures are true. Citing *Pace v. Edel-Harrelson*, 499 Mich. 1, 7 (2016).

Plaintiff responds that he does not intend to argue the illegality of the policies, rules, and procedures about which he blew the whistle, and he does not object to the exclusion of that evidence at trial – so long as he is not required to demonstrate that those policies, rules, and procedures are illegal. Plaintiff further indicated that he will produce evidence regarding the content of the September 24, 2013 City Council meeting (at which the legality or appropriateness of Defendant's policies, rules, and procedures regarding the types of properties noted above were questioned) for purposes of providing context for who retaliated against him and why.

The Court finds that the parties have stipulated, and the Court concludes, that evidence regarding the legality of Defendant's policies, rules, and procedures about which Plaintiff blew the whistle shall be excluded at trial. Pursuant to Plaintiff's representation and the absence of any objection by Defendant, the Court will allow Plaintiff to produce evidence of the content for the September 24, 2013 City Council

meeting for purposes of providing context regarding who allegedly retaliated against Plaintiff and why. Accordingly, Defendant's motion in limine is granted in part and denied in part with respect to the Defendant's policies, rules, and procedures about which Plaintiff blew the whistle.

B.     **Discriminatory Actions Against Any Other Person(s)**

Defendant expresses concern that Plaintiff may try to introduce evidence that Defendant retaliated or discriminated against other individuals in the past. Defendant asserts that such information should be excluded: (1) as irrelevant because it would have no bearing on the claims at issue; and (2) because its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, misleading the jury, or undue delay.

Plaintiff states that the Court should not preemptively grant a blanket, unspecific preclusion of evidence regarding past discriminatory or retaliatory acts. Although past acts of retaliation or discrimination cannot serve as the basis for the jury's determination of whether any retaliation or discrimination occurred in this case, the Court agrees that it cannot make a determination regarding all evidence that might be related to a past event without any context of the events at issue. Defendant's motion in limine is denied without prejudice as it pertains to evidence that Defendant retaliated or discriminated against employees in the past.

## C. Daniel Smith

Defendant moves to exclude as irrelevant any evidence regarding the circumstances involved when the position of City Planner III in the Planning Department held by Daniel Smith was eliminated in 2004 as a result of "upsetting management." Because Daniel Smith was in the union, he remained employed but was assigned to drive a truck as a foreman in the Department of Public Works. Defendant contends that Wuerth's statements as to the basis for Daniel Smith's change in status (*i.e.*, "upsetting managment") was nothing more than Wuerth's personal feelings about an event that occurred: (1) about 10 years prior to the events in this case; and (2) under a different Mayor with whom Wuerth assumed Daniel Smith did not get along. Defendant maintains that, even if evidence of Daniel Smith's change in status is relevant, its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, misleading the jury, or undue delay because it occurred under a different Mayor and involved different circumstances.

Plaintiff argues that Wuerth specifically compared Plaintiff's situation to Daniel Smith when Wuerth met with Plaintiff after Plaintiff's whistle blowing activities. Plaintiff states that Wuerth suggested that Daniel Smith was demoted as a result of upsetting management, much the way Plaintiff had upset his superiors by

Plaintiff's whistle blowing activity. Plaintiff contends that Wuerth was directly threatening Plaintiff's future employment options by referencing Daniel Smith's situation and Wuerth's comments are probative of an intent to retaliate and a hostile work environment. Plaintiff represents that he is not going to explore the circumstances behind Daniel Smith's demotion, only that Wuerth's reference to Daniel Smith's demotion as a consequence of upsetting management was indicative of what would happen to Plaintiff if he engaged in whistle blowing activities such as those on September 24, 2013. Plaintiff argues the limited scope for which the evidence would be admitted would not confuse or mislead the jury, waste time, or unduly prejudice Defendant. The Court agrees.

Plaintiff has represented that he is not going to offer or argue the reasons behind Daniel Smith's demotion; rather, he is going to offer the comments made by Wuerth regarding Plaintiff's activities on September 24, 2013. As Exhibit 2 to Defendant's motion reflects, when Wuerth met with Plaintiff after the September 24, 2013 City Council meeting, Wuerth made comments to Plaintiff about what happened to Daniel Smith when Wuerth stated that he had never seen anything like this before – except for the issue between Daniel Smith and the Mayor. The Court finds the probative value of those comments, which may disfavor Defendant, significantly outweigh any prejudicial effect of those comments. Simply because evidence

disfavors a party – even when it significantly disfavors that party – does not mean that the prejudicial effect of that evidence substantially outweighs the probative value of that evidence or that such evidence should or must be excluded.

The Court denies Defendant's motion in limine to the extent it seeks to exclude evidence that Daniel Smith's status changed in 2004 or Wuerth's comments to Plaintiff regarding Daniel Smith, especially as Plaintiff has represented he will not explore the basis behind Daniel Smith's 2004 employment status change. The Court grants Defendant's motion in limine to the extent it seeks to exclude evidence regarding the basis for Daniel Smith's status change.

**D.     Automobile Accident and Past Litigation or Wrongdoing by Defendant**

Defendant argues that an automobile accident involving the current Mayor, James Fouts, and past litigation or wrongdoing by Defendant should be excluded because it is: (1) not probative of the issues in this case; and (2) unfairly prejudicial because it would involve unproven allegations of a wrongdoing unrelated to Plaintiff's conduct in this case. Defendant also asserts that, even if such unspecified events were relevant, the delay caused by discussing unrelated lawsuits would substantially outweigh the minimal probative value of such events.

Plaintiff asserts that it intends to produce evidence that Defendant unfairly disciplined and retaliated him for the whistle blowing activities, including

disciplining Plaintiff for a conversation he had with a female coworker regarding the automobile accident involving Mayor Fouts, an event that was publicly known. Plaintiff represents that he will not be seeking to admit the facts of that automobile accident. Plaintiff contends that the evidence of this unjust discipline – and not the circumstances of the auto accident – is necessary to rebut Defendant's expected assertion that Plaintiff was a poor employee requiring discipline. Plaintiff contends that evidence that automobile accident occurred, together with evidence of the discipline for his conversation with a coworker regarding that accident, is more probative than prejudicial when offered for that limited purpose. Defendant did not reply to this argument.

The Court finds that evidence that there was an automobile accident involving Mayor Fouts, offered in the context that Plaintiff was disciplined for a conversation that Plaintiff maintains was about that automobile accident, is probative and not unfairly prejudicial. Aside from the fact that Mayor Fouts was in the subject automobile accident, the Court is not persuaded that there is any probative value to introducing evidence regarding the nature or circumstances of that automobile accident and will exclude evidence bearing on that subject. As the parties have not identified any "past litigation or wrongdoing involving Defendant," the Court declines to address that portion of Defendant's argument and it is denied without

prejudice. Consistent with the rulings of the Court in this paragraph, the Court denies in part and grants in part Defendant's motion in limine regarding the automobile accident and past litigation and wrongdoing.

**E.     Post-June 14, 2017 Damages**

Defendant asserts that Plaintiff should be precluded from presenting evidence of any damages allegedly suffered after June 14, 2017 because Defendant unconditionally offered Plaintiff reinstatement on that date. Citing *Madden v. Chattanooga City Wide Serv. Dept.*, 549 F.3d 666, 678-79 (6th Cir. 2008); *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231-32 (1982) (when an employee rejects an <u>unconditional</u> offer of reinstatement, the continuing accrual of front pay and back pay is tolled). Defendant also relies heavily on a recent decision from this district, *Aston v. Tapco Intern. Corp.*, 2014 WL 3385073 (E.D. Mich. 2014) (Cox, J.).

Plaintiff contends that Defendant's offer of reinstatement is illusory and a trial tactic. Plaintiff argues that returning to his same position would constitute an untenable working situation for him, something the Sixth Circuit has recognized is not appropriate and an employee is not required to accept. Citing *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir. 1993) (reinstatement is not an appropriate remedy where hostility would result); *Rasheed v. Chrysler Corp.*, 445 Mich. 109, 124

(1994) (whether plaintiff was reasonable in turning down an offer of employment is a question for the trier of fact and the burden lays with the defendant). Plaintiff also maintains that, within two weeks of making the reinstatement offer, Defendant released its annual budget that showed that Defendant had eliminated the position it claims to have offered Plaintiff.

The Court concludes that Defendant's offer of reinstatement on June 14, 2017 and Plaintiff's June 30, 2017 rejection of that offer of reinstatement do not operate to toll or bar Plaintiff's accrual of front pay and back pay damages as of June 14, 2017. For the following reasons, the Court concludes that Plaintiff is entitled to seek backpay and frontpay after the date he rejected Defendant's offer of reinstatement.

First, Defendant's offer of reinstatement was made nearly three years after his resignation, over two and half years after this action was filed, and about a month before the scheduled trial date. This is a significant distinction from *Aston*, where the defendant made the offer of reinstatement to the plaintiff months <u>before</u> the plaintiff filed suit. Second, although the exhibit Plaintiff attached to his response brief does not clearly show that Defendant eliminated the position offered to Plaintiff shortly after Defendant made the offer of reinstatement and before Plaintiff rejected the offer on June 30, 2017, Defendant did not file a reply brief challenging Plaintiff's assertion. Third, Plaintiff's allegations and testimony reflect that Plaintiff believes

9

he was retaliated against by persons working for Defendant and that the environment in which he worked was hostile – meaning that if Plaintiff accepted the offer of reinstatement, he would have had to perform in the same environment and with the same persons that existed when he resigned on August 1, 2014. The Court finds that a fact finder could determine that Plaintiff reasonably could have concerns about returning to work under those conditions.

Accordingly, the Court finds that special circumstances exist such that there are questions of fact as to whether Defendant's offer of reinstatement was made in good faith and whether Plaintiff was reasonable in turning down the offer of reinstatement. Defendant's motion in limine is denied with respect to precluding any claim for post-June 14, 2017 damages.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion in Limine [Dkt. No. 51] is **GRANTED IN PART and DENIED IN PART**.

IT IS SO ORDERED.

Dated: August 24, 2017    s/Denise Page Hood
                          Denise Page Hood
                          Chief Judge, United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 24, 2017, by electronic and/or ordinary mail.

       s/Julie Owens
       Acting in the absence of the LaShawn Saulsberry
       Case Manager