**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH J. BOUCHARD,

        Plaintiff,

v.                                          Case No. 14-14009
                                              Honorable Denise Page Hood

CITY OF WARREN,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW [#87]

**I.    INTRODUCTION**

A jury trial in this matter commenced on August 28, 2017, and it concluded on September 6, 2017. On September 6, 2017, the jury returned a verdict in favor of Defendant and against Plaintiff on all counts. The Court then denied as moot Defendant's oral and written motions for judgment as a matter of law and Plaintiff's oral motion for judgment as a matter of law. [Dkt. No. 83] Plaintiff has filed a Renewed Motion for Judgment as Matter of Law ("Renewed JMOL Motion") [Dkt. No. 87], and the Renewed JMOL Motion has been fully briefed. For the reasons set forth below, the Court denies the Renewed JMOL Motion.

## II. BACKGROUND

Plaintiff filed this suit, alleging that Defendant interfered with his rights to take medical leave pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). Plaintiff alleges that Defendant refused to reinstate him to work prior to undergoing an unlawful independent medical evaluation, such that Plaintiff was constructively discharged.

At trial, undisputed evidence was introduced that: (a) Plaintiff first requested FMLA leave on June 19, 2014; (b) submitted a physician's note on June 21, 2014; and (c) was approved for FMLA leave on July 2, 2014. [Dkt. No. 87, Ex. 1 and 2 (Joint Trial Exhibits 19, 22, 23, 26)] On July 7, 2014, Phil Easter, Human Resources director for Defendant in 2014 ("Mr. Easter"), sent Plaintiff a letter that said: (1) Mr. Easter had received Plaintiff's July 7, 2014 email request that Plaintiff's FMLA leave be extended through August 11, 2014; and (2) Mr. Easter was approving FMLA leave for Plaintiff through August 8, 2014. [Dkt. No. 87, Ex. 3 at PgID 2163]

The undisputed evidence introduced at trial revealed that Defendant (via letters prepared by Mr. Easter) advised Plaintiff: (1) on June 20, 2014, that Plaintiff had to "attend an evaluative session with Dr. Daniel Altier . . . before you return to work;" (2) on July 3, 2014, that Plaintiff had "to undergo a 'fitness for duty' evaluation prior to [his] return to work . . . ;" and (3) on July 8, 2014, that, "after your physician has

released you for work, you will be reinstated to employment, but due to concerns which I previously stated about your work place behavior, it will be necessary for you to undergo a 'fitness for duty' evaluation prior to your actual return to duty." [Dkt. No. 87, Ex. 3 (Joint Trial Exhibits 21, 27, and 30, respectively)] Plaintiff testified that "he did not feel he could return to work without first undergoing this psychological examination" and, because he would not undergo this examination, he suffered a constructive discharge when he resigned on August 1, 2014.

## III. LEGAL STANDARD

### A. Rule 50

Judgment as a matter of law should be granted when "viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." *Jordan v. City of Cleveland*, 464 F.3d 584, 594 (6th Cir. 2006) (citing *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 720 (6th Cir. 2004)). *See also Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 598 (6th Cir. 2001); *Williams v. Nashville Network*, 132 F.3d 1123, 1130-31 (6th Cir. 1997); *Barnes v. City of Cincinnati*, 401 F.3d 729, 736 (6th Cir. 2005). A motion for judgment as a matter of law should not be granted unless reasonable minds could come to only one conclusion, a conclusion that favors the moving party. *Radvansky v. City of Olmstead*

*Falls*, 496 F3d 609, 614 (6th Cir. 2007).

**B.  Rule 59**

Rule 59(a) of the Federal Rules of Civil Procedure states: "A new trial may be granted to all or any of the parties and on all or part of the issues (1) in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States ...." A new trial is warranted under Rule 59(a) when a jury has reached a "seriously erroneous result," as evidenced by the verdict being against the great weight of the evidence. *Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). As the Sixth Circuit has stated:

> In ruling upon a motion for a new trial based on the ground that the verdict is against the great weight of the evidence, a district judge must compare the opposing proofs and weigh the evidence . . . and "it is the duty of the judge to set aside the verdict and grant a new trial, if he is of the opinion that the verdict is against the clear weight of the evidence. . . ."
>
> \* \* \* \* \*
>
> "Courts are not free to reweigh the evidence and set aside the jury verdicts merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

*Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir. 1982) (citations omitted); *Walker v. Bain*, 257 F.3d 660, 670 (6th Cir. 2001).

**IV.  ANALYSIS**

4

Plaintiff argues that he is entitled to judgment as a matter of law on his FMLA interference claim because Defendant conditioned Plaintiff's return to work on undergoing a fitness for duty evaluation by a third-party psychologist. Plaintiff asserts that the requirement that Plaintiff undergo that evaluation resulted in the constructive discharge of Plaintiff and constituted a *per se* violation of the FMLA. Citing 29 U.S.C. § 2614 (requiring an employee who has utilized FMLA leave to be returned to the same or equivalent position); 29 C.F.R. § 825.214.

The FMLA provides that when an employee has completed FMLA leave, that employee is entitled to reinstatement upon certification by the employee's health care provider. 29 U.S.C. § 2614(a)(4). "No second or third opinions on a fitness-for-duty certification may be required." 29 C.F.R. § 825.312(b). *See also* 29 U.S.C. § 2614 ("the employer may have a uniformly applied practice or policy that requires each such employee to receive certification from the health care provider of the employee that the employee is able to resume work"). "The FMLA regulations also state, however, that '[r]equirements under the Americans with Disabilities Act (ADA), as amended, apply." *White v. Cnty. of Los Angeles*, 225 Cal.App.4th 690, 702 (2014). And, in the comments to the 2008 revision to the Department of Labor's regulations, the Department of Labor stated,

> "An employer may not require that an employee submit to a medical exam by the employer's health care provider as a condition of returning

> to work. A medical examination at the employer's expense by an employer's health care provider may be required only after the employee has returned from FMLA leave and must be job-related and consistent with business necessity as required by the ADA. *Thus, if an employer is concerned about the health care provider's fitness-for-duty certification, the employer may, consistent with the ADA, require a medical exam at the employer's expense after the employee has returned to work from FMLA leave* as stated in paragraph (h) in the final rule. The employer cannot, however, delay the employee's return to work while arranging for and having the employee undergo a medical examination." (73 Fed.Reg. 67934–01, 68033 (Nov. 17, 2008), italics added.)

*White v. Cnty. of Los Angeles*, 225 Cal.App.4th at 705-06. "Once an employee has been returned to work, 'the FMLA's fitness-for-duty regulation no longer applies.'" *White*, 225 Cal.App.4th at 705.

It is undisputed that Defendant advised Plaintiff: (1) on June 20, 2014, that Plaintiff had to "attend an evaluative session with Dr. Daniel Altier . . . before you return to work;" (2) on July 3, 2014, that Plaintiff had "to undergo a 'fitness for duty' evaluation prior to [his] return to work . . . ;" and (3) on July 8, 2014, that, "after your physician has released you for work, you will be reinstated to employment, but due to concerns which I previously stated about your work place behavior, it will be necessary for you to undergo a 'fitness for duty' evaluation prior to your actual return to duty." [Dkt. No. 87, Ex. 3 (Joint Trial Exhibits 21, 27, and 30, respectively)] It also is undisputed that Dr. Daniel Altier was a physician designated by Defendant, not Plaintiff's treating physician. At trial, Mr. Easter testified, consistent with the July 8,

6

2014 letter Mr. Easter sent to Plaintiff (Joint Trial Exhibit 30), that: (1) Plaintiff would be reinstated once Plaintiff's physician released him to work, (2) at which time Plaintiff would be returned to pay status and receive his regular salary and benefits, but (3) that Plaintiff would then be required to undergo the evaluation before Plaintiff would be permitted to return to work.

Plaintiff contends that he never informed Defendant that Plaintiff was able to return to work because Plaintiff would be required to undergo the "fitness for duty" evaluation. Plaintiff contends that, because he had no option other than to involuntarily resign, he was constructively discharged. Citing *Smith v. Henderson*, 376 F.3d 529, 533-34 (6th Cir. 2004) (constructive discharge means that an employer deliberately made an employee's working conditions so intolerable that the employee was forced to resign). Plaintiff argues that the evidence presented at trial "conclusively establishes that Defendant's prerequisite that Plaintiff undergo a 'fitness for duty' evaluation by a third party psychologist *before* returning to work is a per se violation of the FMLA *and* because this unlawful precondition constituted a constructive discharge of Plaintiff, rendering it impossible for him to return to work, Plaintiff is entitled to judgment as a matter of law with regard to his FMLA claim and a new trial on the issue of damages."

The Court is not persuaded by Plaintiff's arguments, especially when the

evidence is viewed in a light most favorable to Defendant, as it must be when considering Plaintiff's Renewed JMOL Motion. *See, e.g., Jordan*, 464 F.3d at 594. First, the July 8, 2014 letter from Mr. Easter to Plaintiff states that Plaintiff will be reinstated to employment once Plaintiff's physician released Plaintiff to work. As numerous courts considering FMLA and ADA claims have held, once an employee has been returned to work, the employer can order a fitness-for-duty evaluation. *See, e.g., White*, 225 Cal.App.4th at 707; *Sullivan v. River Valley Sch. Distr.*, 197 F.3d 804, 811-12 (6th Cir. 1999); *Bloomfield v. Whirlpool Corp.*, 984 F.Supp.2d 771, 785 (N.D. Ohio 2013). So, had Plaintiff produced a certification from his physician that Plaintiff could return to work, Defendant then would have had the right to require Plaintiff to submit to a fitness-for-duty evaluation because Plaintiff would no longer be on FMLA leave. The jury reasonably could have determined that, even though Plaintiff was still on FMLA leave when Defendant notified Plaintiff that he would have to undergo a fitness-for-duty evaluation before he could resume working, Defendant was not requiring Plaintiff to be evaluated by Defendant's physician as a precondition to being reinstated from FMLA leave.

Second, the July 8, 2014 letter prepared by Mr. Easter was in response to Plaintiff requesting FMLA leave until August 11, 2014, a request that Mr. Easter addressed and granted in that letter. As such, as of August 1, 2014, Plaintiff was still

on FMLA leave, and the evidence does not show, as a matter of law, that Defendant interfered with that leave or took any action at all *vis a vis* Plaintiff between July 8, 2014 and August 1, 2014, when Plaintiff resigned. The Court finds it significant that Plaintiff never submitted any certification from his physician that Plaintiff could return to work – not prior to Plaintiff's resignation on August 1, 2014, nor at any time thereafter. In the absence of a certification from Plaintiff's physician that Plaintiff could return to work, a reasonable jury could have determined that Plaintiff was not eligible to be reinstated by Defendant.

Third, there was evidence that Plaintiff could not work with many of Defendant's representatives that he would have had to interact with, such that a reasonable jury could have determined that Plaintiff never could have returned to work for Defendant. Fourth, there was evidence that Plaintiff cited many reasons in 2014 for not returning to work, but none of those cited reasons complained that Plaintiff would have to undergo a fitness-for-duty evaluation. Fifth, a reasonable jury could have determined that the working conditions to which Plaintiff was subjected were not so intolerable that Plaintiff was forced to resign.

For the reasons set forth above, the Court concludes that competing evidence admitted at trial precludes the Court from finding, as a matter of law, that: (a) Defendant conditioned Plaintiff's return to work on undergoing a fitness for duty

9

evaluation before being reinstated; or (b) Plaintiff was constructively discharged on August 1, 2014, such that Defendant violated the FMLA by interfering with Plaintiff's rights thereunder. For the same reasons, the Court finds that the jury verdict was not against the great weight of the evidence, and the Court concludes that the jury verdict in favor of Defendant on Plaintiff's FMLA claim should not be set aside. The Court denies Plaintiff's Renewed JMOL Motion, both with respect to his motion for judgment as a matter of law and his motion for a new trial.

## V. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Plaintiff's Renewed Motion for Judgment as Matter of Law [Dkt. No. 87] is **DENIED**.

IT IS ORDERED.

                                       S/Denise Page Hood
                                       Denise Page Hood
                                       Chief Judge, United States District Court

Dated: May 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of

record on May 31, 2018, by electronic and/or ordinary mail.

                                                        S/LaShawn R. Saulsberry
                                                        Case Manager